**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| William L. McGraw | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    Case No. 06-1250 WEB |
| | ) |
| Medica lodges, Inc. d/b/a/ | ) |
| Medica lodges of Goddard | ) |
| | ) |
| Defendant. | ) |
| ──────────────────────── | ) |

MEMORANDUM AND ORDER

Now before the court is defendant's Motion to Dismiss with prejudice pursuant to Fed. R.

Civ. P. 12(b)(6).  The defendant requests the court dismiss the plaintiff's Complaint with

prejudice as plaintiff did not follow the conditions as described in the stipulated dismissal in case

05 CV 1314.

I. Background

Plaintiff originally filed a petition in state court, which was removed to federal court,

District of Kansas, case number 05 CV 1314.  (05-1314; Doc. 1).  A Scheduling Order was filed,

and the parties submitted a Report of Parties Planning Meeting.  (05-1314, Doc. 4).  On January

20, 2006, defendant filed Motion to Compel Plaintiff's Rule 26 Initial Disclosures and

Responses to Defendant's First Requests for Production and First Set of Interrogatories to

Plaintiff.  (05-1314, Doc. 9).  The defendant alleged the plaintiff's Rule 26 disclosures should

have been served no later than November 28, 2005.  (05-1314, Doc. 9, p. 1).  Defendant further

alleged plaintiff's First set of Interrogatories was due on December 27, 2005.  (05-1314, Doc. 9,

p. 2).   In the Motion to Compel, the defendant provided a number of exhibits to show the defendant's attempts to contact plaintiff, including requests by mail, fax, and telephone. (05-1314, Doc. 9, Part 6, p. 1-7).   On January 31, 2006 an Order on Status Conference was filed, indicating plaintiff counsel announced his intention to submit a journal entry of dismissal.  (05-1314, Doc. 10).  A Joint Stipulation of Dismissal Without Prejudice was filed February 21, 2006. (05-1314, Doc. 11).  The Joint Stipulation contained conditions in the event the plaintiff re-filed an action based on the facts underlying this matter.  The conditions were as follows: 1.  Plaintiff shall reimburse Defendant's costs associated with the action; 2.  Plaintiff shall serve his Rule 26 Initial Disclosure and Response to Defendant's First Set of Interrogatories and First Request for Production within thirty days of re-filing, without objection, and such disclosures and responses shall be effective in any re-filed lawsuit.  (Doc. 11, p. 1).

On August 21, 2006, plaintiff re-filed the dismissed action, in federal court, District of Kansas, case number 06-1250.  (Doc. 1).[1]  The Magistrate Judge filed an Initial Order Regarding Planning and Scheduling on October 23, 2006.  (Doc. 6).  Besides setting out the time line and topics of discussion for the planning conference, the Order also set discovery within four months of the filing of the scheduling order, pursuant to D. Kan. Rule 26.1.  On November 2, 2006, the defendant filed a Motion to Dismiss.  (Doc. 7).  The defendant requests dismissal based on Fed. R. Civ. P. 12(b)(6), alleging the plaintiff has not complied with the conditions contained within the Joint Stipulation of Dismissal from case 05-1314.  (Doc. 8).  The defendant attached to his motion a copy of a letter dated September 26, 2006, from defense counsel to plaintiff counsel, requesting discovery responses.  (Doc. 8, Part 7).  The defendant also attached a copy of a letter

---

[1]The citation of document numbers will refer to case 06-1250 unless otherwise marked.

dated October 3, 2006 requesting discovery.  (Doc. 8, Part 8).

The plaintiff filed a response, stating the discovery documents are available, and the disclosures are completed, but have not been sent to the defendant.  The plaintiff argues the defendant has not formally requested the plaintiff comply with the conditional matter in the stipulation.  (Doc. 12).

The defendant filed a response on January 11, 2007, arguing the plaintiff violated the conditions of the stipulation, and continues to violate the conditions, as the documents have not been served on the defendant.  (Doc. 13).

II.  <u>Analysis</u>

A.  <u>Application of Rule 12(b)(6)</u>

Defendant has filed a Motion to Dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.  A motion under Rule 12(b)(6) tests the formal sufficiency of the statement of the claim for relief.  *Garcia v. Johnson*, 64 F.3d 669 (10th Cir.1995), citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, 1356 at 294.

The plaintiff's complaint states a cause of action, and states the relief sought.  (Doc. 1). The Tenth Circuit has reviewed a similar case in which the defendant filed a Motion to Dismiss under Rule 12(b)(6).  The court determined the complaint was sufficient to withstand a Rule 12(b)(6) motion, and treated the motion as a Motion for Involuntary Dismissal pursuant to Rule 41(b).  *Mobley v. McCormick*, 40 F.3d 337 (10th Cir.1994).   This court will proceed in the same manner.

B.  <u>Rule 41</u>

Subject to the provisions of Rule 23(e), of Rule 66, and of any statute of the United

States, an action may be dismissed by the plaintiff without order of the court by filing a stipulation of dismissal signed by all parties who have appeared in the action.  Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim.  Fed. R. Civ. P. 41(a)(1)(ii).

Dismissal by stipulation under Rule 41(a)(1) allows the parties to negotiate the conditions of the dismissal.  The district court may condition the voluntary dismissal on certain terms and conditions, which can be  imposed by the district court.  Eaddy v. Little, 234 F.Supp. 377 (D.C.S.C. 1964).  The purpose of the rule is "primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." *Phillips USA, Inc. v. Allflex USA, Inc.,* 77 F.3d 354, 357 (10th Cir.1996), citing 9 C. Wright and A. Miller, Federal Practice and Procedure § 2364 at 279 (2d ed. 1994).  When considering a motion to dismiss without prejudice, the important aspect is whether the opposing party will suffer prejudice in the light of the valid interests of the parties.  *Clark v. Tansy*, 13 F.3d 1407, 1411 (10th Cir.1993).  The plaintiff is deemed to consent to the conditions unless he withdraws the dismissal motion within reasonable time.  *Uncoil, Inc. v. E.F. Hutton & Co.*, 809 F.2d 548, 554 (9th Cir.1986), citing *Lau v. Glendora Unified School District*, 792 F.2d 929 (9th Cir.1986).

Terms and conditions contained within a stipulated dismissal are for the defendants' benefit.  They are quid for the quo of allowing the plaintiff to dismiss his suit without being prevented by the doctrine of res judicata from bringing the same suit again.  *McCall-Bey v. Franzen*, 777 F.2d 1178, 1184 (7th Cir.1985).

4

In this case, both parties received the benefit of the voluntary dismissal. The plaintiff did not have to answer the defendant's Motion to Compel, and was also given more time to prepare his case. The defendant was able to recoup the costs of the first action, and able to request that discovery commence at the point it ceased. (05-1314, Doc. 11).

For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits. Rule 41(b).

Rule 41(b) involuntary dismissals should be determined by reference to the criteria set out in *Ehrenhause v. Reynolds*, 965 F.2d 916, 22 Fed.R.Serv.3d 1214 (10th Cir.1992). *Mobley v. McCormick*, 40 F.3d 337 (10th Cir.1994). When the district court considers dismissal as a sanction, the court should consider a number of factors, including: (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant, (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance, and (5) the efficacy of lesser sanctions. *Ehrenhaus* at 921. Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction. *Meade v. Grubbs*, 841 F.2d 1512 (10th Cir.1988).

With regard to the first factor, the court takes into consideration the amount of time the defendant's attorney has placed into the case, the delay in discovery caused by the plaintiff, and

the incurrence of additional attorney fees by the defendant's attorney.  The court can also

consider the refusal of the plaintiff to follow court orders or failure to prosecute their case.

*Ocelot Oil Corp. V. Sparrow Industries*, 847 F.2d 1458, 1464 (10th Cir.1988).  The review of the

record shows the plaintiff requested the dismissal of the first action eleven (11) days after

defendant filed a Motion to Compel plaintiff's Rule 26 Initial Disclosures and Responses to

Defendant's First Requests for Production and First set of Interrogatories.  (05-1314, Doc. 9 and

Notes of Status Conference held 1-31-2006).  The plaintiff, even after re-filing the case, has yet

to produce the above mentioned documents, although he agreed to do so within thirty (30) days

of re-filing in the Joint Stipulation of Dismissal.  (05-1314, Doc. 8-6).

     The second factor the court should consider is the amount of interference with the

judicial process.  The plaintiff filed a Joint Stipulation of Dismissal in case 05-1314 in which he

agreed to serve discovery on the defendant within thirty (30) days of re-filing the case.  The

Dismissal was signed by both parties.  (05-1314, Doc. 11).  The plaintiff filed this case on

August 21, 2006.  The time period to serve the documents contained within the Stipulation of

Dismissal has since passed, and the documents have not been served.  Defendant sent a letter to

the plaintiff on September 26, 2006 requesting the documentation.  (Doc. 8-7).  There was no

response from the plaintiff.  Another letter was sent to the plaintiff on October 3, 2006, with no

result.  (Doc. 8-8).  The plaintiff has disregarded the Joint Stipulation of Dismissal and delayed

discovery in regard to this case.

     The third factor the court can take into consideration is the culpability of the litigant.  The

evidence regarding Mr. McGraw is limited.  In a letter from the defendant to the plaintiff's

attorney, the defendant quotes an email from plaintiff's lawyer, "I do have the promise that all

will be done promptly this time, in fact I required that Mr. McGraw furnish his tax records and answer all the interrogatories before I would consider refiling." (Doc. 8-7). This statement shows the court the litigant had not provided the information to his attorney during the pendency of the first litigation. In plaintiff's Response, he states the documents have been completed and are available and can be provided immediately. (Doc. 12, p. 2). However, as the documents have not been filed, this is not verified. The statement indicates the litigant had turned over the requisite material to his attorney for the preparation of the second litigation. It appears the culpability of the litigant is limited.

The fourth factor for the court to consider is if the litigant had advance notice from the court that dismissal of the action would be a likely sanction for noncompliance. Notice is not always necessary, it is a factor which the court should consider. *In re Hopkins*, 162 F.3d 1173 (10th Cir.1998). The court did not specifically place the litigant on notice. However, the defendant placed the plaintiff on notice he would request dismissal if the documents in question were not turned over. The Joint Stipulation of Dismissal conditioned the re-filing of the case on the disclosures and responses as well as the request for production within thirty (30) days. (05-1314, Doc. 11). This should have been the plaintiff's first indication that failure to prosecute the case would result in dismissal. The defendant sent a letter to the plaintiff on September 26, 2006 requesting the documentation. The letter stated, "Please be advised we intend to file a motion to dismiss this lawsuit based on your client's admissions and failure to satisfy a condition of refiling expressed in the Stipulation of Dismissal filed February 21, 2006. We will be seeking fees and costs. Or alternatively, if you prefer, we will again stipulate to dismissal pursuant to Fed. R. Civ. P. 41(a)(1)." (Doc. 8-7, p. 1). On October 3, 2006, defendant sent another letter to

7

plaintiff, calling plaintiff's attention to paragraph two of the Join Stipulation of Dismiss. Paragraph two reads as follows: "Plaintiff shall serve his Rule 26 Initial Disclosure and Responses to Defendant' First Set of Interrogatories and First Request fo Production within thirty days of re-filing, without objection, and such disclosures and responses shall be effective in any re-filed lawsuit." (Doc. 8-8, p. 1,2). Plaintiff then filed the Motion to dismiss on November 2, 2006. The plaintiff was notified by the defendant that failure to produce the documentation requested  would result in the defendant filing a motion to dismiss. The plaintiff was aware, in September, that failure to comply with the conditions contained within the joint stipulation would result in the defendant requesting dismissal.

The fifth factor the court is to consider is the efficacy of lesser sanctions. Other possible sanctions, as described in Fed. R. Civ. P. 37, may include ordering the payment of reasonable expenses and attorney fees to the moving party, dismissal of the action, or refusing to allow the disobedient party to support or oppose designated claims or defenses.   Fed. R. Civ. P. 37. Dismissal is a severe sanction and is not ordinarily warranted if lesser sanctions would be effective. *Meade v. Grubbs,* 841 F.2d 1512, 1520 (10th Cir.1988). The court is convinced lesser sanctions would not be effective. The first time this action was filed, the defendant was forced to file a Motion to Compel to obtain the Rule 26 Initial Disclosures and responses to Defendant's First Requests for Production and First Set of Interrogatories. (05-1314, Doc. 8-4, p. 1). The defendant submitted his first set of interrogatories to plaintiff on November 26, 2005. At the time of the Motion to Compel, almost two months later, the plaintiff had not submitted a response. (05-1314, Doc. 8-4, p. 1, 26). This followed three attempts on behalf of the defendant to confer regarding the documentation. (05-1314, Doc. 8-4, p. 28, p. 30, p. 33). The parties

entered into a joint stipulation in which the plaintiff agreed to file the Rule 26 Initial Disclosures an Responses to Defendant's First Set of Interrogatories and First Request for Production with thirty (30) days of re-filing.  (05-1314, Doc. 11).  The case was re-filed on August 21, 2006, and plaintiff has yet to file the agreed upon documentation.  The court is convinced lesser sanctions would not be effective.  In *Richardson v. Safeway, Inc.*, 109 Fed.Appx. 275 (10th Cir.2004), the court considered the plaintiff's history of noncompliance with respect to the discovery rules and the sanction order, and determined there was no abuse of discretion in dismissing the action.

III.  Conclusion

The history of this case, as well as 05 CV 1314, show the plaintiff has failed to prosecute the case, and also shows the plaintiff has failed to comply with the conditions contained within the Joint Stipulation of Dismissal in case 05 CV 1314.

It is ORDERED that defendant Medicalodges, Inc.'s Motion to Dismiss (Doc. 7) is GRANTED with prejudice.

SO ORDERED this 14th day of August 2007.


 s/ Wesley E. Brown
Wesley E. Brown, U.S. Senior District Judge

9